LOBRANO, Judge.
This is an appeal from a judgment enjoining the sale of packaged liquor in a grocery store and ordering the City of New Orleans to revoke the grocery store’s liquor permit.
In August 1990, appellants Due Thi Tran, Voung Due Nguyen, and Andrew E. Rav-aglia, Jr., leased the property located at 2132 Tulane Avenue in New Orleans from co-appellant Artis P. Hicks, and commenced operation of a grocery store known as St. Dominic Grocery II.[1] In September 1990, St. Dominic applied for and received a packaged liquor permit from the City of New Orleans.[2] Soon after issuance of the permit Phi Le, the proprietor of a grocery store located one block away, filed a petition seeking to enjoin the sale of alcohol by St. Dominic. Phi Le’s amended petition for injunction[3] alleged that St. Dominic is located in an MS zone, and that the sale of alcoholic beverages in such zones is prohibited. St. Dominic answered contending that it has a legal non-conforming B-l zoning status and that nothing in the Comprehensive Zoning Law for the City of New Orleans prevents stores with such status from holding liquor permits.
The trial judge ordered that Phi Le’s application for a preliminary injunction be heard on the verified pleadings and supporting affidavits, in accordance with La. C.C.P. Art. 3609. On March 11, 1991, the trial court issued a preliminary injunction enjoining the sale of alcohol by St. Dominic.
Despite the preliminary injunction, the Office of Safety and Permits renewed St. Dominic’s liquor permit.[4] As a result, Phi Le filed a cross-claim against the City of New Orleans seeking a permanent injunction ordering the City to revoke St. Dominic’s liquor license.
The permanent injunction was tried on a stipulation as to the facts established at the preliminary injunction. No testimony was taken. The trial court issued a permanent *1089 injunction enjoining the sale of packaged liquor by St. Dominic and ordered the City to revoke the liquor permit. This appeal was perfected.
St. Dominic and the City assert several arguments. First, they argue that Phi Le failed to exhaust his administrative remedies before either the Zoning Board or the Alcohol Beverage Control Board. Second, they argue that St. Dominic enjoys a nonconforming B-l status which permits the sale of package liquor. Finally, the City raises an exception of indispensable parties, namely that the State of Louisiana should have been a party to the proceedings since it also issued a liquor permit to St. Dominic.
Phi Le counters with the assertion that St. Dominic is in an “M.S.-Medical Services” district which does not permit the sale of packaged liquor. He also argues that St. Dominic failed to prove it enjoys a B-l non-conforming use status, and alternatively, if it did, then the sale of package liquor is not a permitted use.
The affidavit of the Zoning Administrator and his notation on the receipt to the Department of Finance, Bureau of Revenue satisfy us that St. Dominic’s permit was approved by him as a permitted use of the premises.[5] He determined that St. Dominic enjoys a “non conforming commercial use” status.[6] Contrary to Phi Le’s argument, it was not incumbent on St. Dominic to prove the correctness of the Zoning Administrator’s determination. Since Phi Le challenged that determination, he bore the burden to prove that it was an abuse of discretion, an unreasonable or excessive use of police powers, or the denial of the right of due process. La.R.S. 33:4721. The only evidence in support of Phi Le’s position is his affidavit which states that St. Dominic is in an M.S. District. This does not establish an incorrect decision by the Zoning Administrator. And, the statement in the Zoning Administrator’s affidavit that the zoning law does not prohibit a liquor permit in an MS district does not support the conclusion that there was no “non-conforming use” determination. See, ftn. 6 supra.
Phi Le further argues that even if St. Dominic enjoys a non-conforming status, the sale of package liquor illegally expands that status, citing Schoop v. Alcoholic Beverage Control Board, 519 So.2d 831 (La.App. 4th Cir.1988).
The Comprehensive Zoning Ordinance for the City of New Orleans, in Article 12, Section 4, provides that if no structural alterations are made, a non-conforming use of a building may be changed to another non-conforming use of the same or more restrictive classification. The Zoning Administrator’s affidavit states that 2132 Tulane Avenue operates as a grocery store. This non-conforming use falls within the “B-l Neighborhood Business District” zoning category. The purpose of a “B-l Neighborhood Business District” is to “provide primarily for retail shopping and personal service uses.” C.Z.O. Article 5, Sec. 9.1. Included in the numerous permitted retail uses is cocktail lounges. C.Z.O. Art. 5, Sec. 9.2(11). There is also a general category of “stores or shops for the conduct of a retail business” without any specification of the type of goods which may be sold. C.Z.O. Art. 5, Sec. 9.2(26).
We agree with the legal principle that a non-conforming use cannot be expanded. See, Redfearn v. Creppel, 455 So.2d 1356 (La.1984). However, based on our review of the B-1 zoning classification and particularly the fact that it permits cocktail lounges, we cannot say that the sale of package liquor expands the non-conforming status enjoyed by St. Dominic. The Schoop ease, cited by Phi Le, is distinguishable because it involved the operation of a bar in a residential neighborhood. This court found Section 5-45.1 of the City Code to be controlling with respect to whether the bar owner enjoyed a non-con *1090 forming status. That section of thé City Code specifically prohibits the retail sale of alcoholic beverages in a residential area where it will be consumed on the premises. The Sckoop facts are quite different from the instant case and therefore its holding is not dispositive. Neither the City Code nor the Zoning Law prohibit the sale of package liquor in an MS district.[7]
We hold that the record fails to establish that the Zoning Administrator or the other administrative agencies of the City of New Orleans abused their authority or discretion in approving and granting the liquor permit to St. Dominic. Accordingly we reverse the trial court judgment and dismiss Phi Le’s suit at his cost.
REVERSED AND RENDERED.
SCHOTT, C.J., concurs with reasons.

. All appellants are referred to as St. Dominic.

. Package liquor store is defined as "a place where a person or dealer sells alcoholic beverages in closed containers, prepared for transportation and consumption off premises.” C.Z.O. Art. 14, Sec. 2.97.

. The original petition does not appear in the record.

. The City was not a party to the initial preliminary injunction proceedings.

. Section 5-30(1) of the City Code provides that when a liquor permit is applied for, the Department of Finance shall request approval from the Department of Safety and Permits that the location is not in violation of any zoning laws.

. The affidavit specifically states that "he [Zoning Administrator] has determined the use ... is a legal, non-conforming use_”

. However, the City Code does prohibit the sale of package liquor in a residential district. Sec. 5-45.3. If St. Dominic was located in a residential district, the non-conforming issue would be determined by the Schoop decision.